IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| GARVIN GLASS, | ) |
| | ) |
| Plaintiff, | ) Case No. 3:20-cv-93-CWR-FKB |
| | ) |
| v. | ) (Removed from the Justice Court of |
| | ) Rankin County, Mississippi, Case No. |
| FORD MOTOR COMPANY, | ) 2019-CV-7633) |
| | ) |
| Defendant. | ) |
| | ) |

NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441(a) and 1446, Defendant Ford Motor Company ("Ford"), hereby provides notice of removal of this action from the Justice Court of Rankin County, Mississippi.  In support of removal, Ford states the following:

I.  INTRODUCTION

1.  On December 27, 2019, Plaintiff Garvin Glass commenced this action in the Justice Court of Rankin County, Mississippi ("Justice Court"), entitled *Glass v. Ford Motor Company*, No. 2019-CV-7633.  A copy of all process, pleadings, and orders on file in that action is attached hereto as Exhibit A.

2.  Ford is the only named defendant in the action.

II.  BASIS FOR REMOVAL

3.  This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 (vesting federal subject matter jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States.")  Here, this Court has original subject matter

jurisdiction pursuant to 28 U.S.C. § 1331 in that Plaintiff's claim arises under, and is completely preempted by, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

4. Specifically, Plaintiff seeks recovery of life insurance premiums he allegedly overpaid through an employee benefits plan sponsored by Ford Motor Company. Ex. A at 3 ("I was overcharged for my retire[e] [sic] optional life insurance policy. . ."). On information and belief, the document on which Plaintiff bases his claim is the Ford Motor Company Salaried Life and Accidental Death and Dismemberment Plan, an employer-sponsored benefits plan subject to ERISA. A copy of the applicable plan document is attached hereto as Exhibit B.

5. Plaintiff's claim for recovery in connection with the referenced plan is completely preempted by ERISA and subject to removal under *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004). "[W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption," the state claim can be removed, even though the complaint does not assert a federal cause of action on its face. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003).

6. Because "the ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim" for purposes of removal, a cause of action "within the scope of the civil enforcement provisions of § 502(a) [is] removable to federal court." *Davila*, 542 U.S. at 209 (citation omitted). ERISA § 502(a)(1)(B) provides for a cause of action "by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(b). "[I]f an individual, at some point in time, could

have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." *Davila*, 542 U.S. at 210.

7. Plaintiff's state court action, by seeking recovery of premiums paid under an ERISA plan is seeking recovery of "benefits due to him under the terms of his plan" and "to enforce his rights under the terms of the plan." 29 U.S.C. § 1132(a)(1)(b). As such, the claim is completely preempted by ERISA. *See Fossen v. Blue Cross & Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1112 (9th Cir. 2011) (suit "for restitution of premiums [plaintiffs] allegedly overpaid" was subject to complete preemption); *Panagodimos v. ConTemporary Nursing Sols., Inc.*, No. 12-cv-0128, 2012 WL 832664, at *1, n.6 (D. Md. Mar. 8, 2012) (class action on behalf of persons who were "overcharged for health insurance premiums" was removable on the grounds of complete ERISA preemption).

### III.     PROCEDURAL REQUIREMENTS

8. This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b)(1), which allows 30 days for removal after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. Ford has not yet been served with process of the state court complaint. By the filing of this notice, it has waived service and is removing this action within the 30 day period described in Section 1446(b)(1).

9. Venue is proper under 28 U.S.C. § 1441(a) and (c) in the United States District Court for the Southern District of Mississippi, Northern Division, because it embraces Rankin

County, Mississippi, where the state court action is pending.

10. Written notice of the filing of this Notice of Removal will be served promptly on the Plaintiff, pursuant to the requirements of 28 U.S.C. § 1446(d). Also in accordance with § 1446(d), a copy of this Notice of Removal will be filed promptly with the clerk for the Justice Court for the County of Rankin, State of Mississippi.

11. By filing this Notice of Removal, Ford does not waive, either expressly or impliedly, its respective rights to assert any defense it could have asserted in the state court action.

WHEREFORE Ford respectfully removes this action from the Justice Court for the County of Rankin, State of Mississippi, to this Court.

Respectfully submitted,

/s Stanley E. Graham
Stanley E. Graham (MS Bar No. 105642)
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
(615) 244-6380
(615) 244-6804 (facsimile)
stan.graham@wallerlaw.com

*Attorney for Defendant*
*Ford Motor Company*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served via first class mail postage prepaid upon:

Garvin Glass
500 Avalon Way #1514
Brandon, MS 39047

*Plaintiff (Pro Se)*

this 19th day of February, 2020.

/s Stanley E. Graham